IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD CRAIG DANIELS, | : | CIVIL NO. 4:14-CV-1511 |
| | : | |
| Petitioner, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEH JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

I.      **Statement of Facts and of the Case**

This case involves a mandamus petition filed by Richard Daniels, who sought prompt action on an I-129 petition filed for his fiancee, allowing her to enter the United States. (Doc. 1.) The parties now report that this visa application was approved and the petitioner's fiancee has arrived in the United States. Given this action the parties suggest that the instant petition is now moot.

We concur.

II.     **Discussion**

The parties are correct in suggesting that this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's

1

personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

There is a constitutional dimension to the mootness doctrine:

> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citing Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 241 (1937). The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. Lewis, 494 U.S. at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " Spencer, 523 U.S. at 7 (quoting Lewis, 494 U.S. at 477).

Burkey v. Marberry, 556 F.3d 142, 147 (3d. Cir. 2009)(dismissing habeas petition as moot).

In the context of mandamus or habeas corpus petitions mootness questions often turn on straightforward factual issues regarding whether the petitioner has effectively

received the relief which he seeks. DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005). Applying this principle, it has been held that administrative action by government officials addressing the concerns raised by a petition often renders that petition moot. See e.g., Novas v. Immigration & Customs Enforcement (ICE), 303 F. App'x 115, 118 (3d Cir. 2008); Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006); Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005); Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). ,

These principles apply here and now call for the dismissal of the instant petition as moot, since Daniels has received the relief that he sought–prompt action upon his I-129 petition–while this mandamus petition was pending. Therefore, we recommend that this petition be dismissed as moot.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

> The parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written

3

objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of December, 2014

                                          ***S/Martin C. Carlson***
                                          Martin C. Carlson
                                          United States Magistrate Judge